UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:10-cr-00149-JAW-1 |
| | ) | |
| RODNEY RUSSELL, | ) | |
| | ) | |
| Defendant | ) | |

ORDER OF REVOCATION AND DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3148(b)(1)-(2), a hearing on revocation and detention was held on Thursday, February 09, 2012, at 9:00 a.m. on the Government's motion to revoke release of Defendant Rodney Russell in the above matter. I issued an Order Setting Conditions of Release on September 28, 2010. Defendant was found guilty on four of six counts on April 28, 2011, and was released on the same bail awaiting sentencing. Sentencing is currently scheduled for March 8, 2012.

I am satisfied based on the information contained within the Government's motion for revocation affirmed under penalty of perjury that there is probable cause to believe that Russell committed the state crimes of assault and obstructing government administration while on release, within the meaning of 18 U.S.C. § 3148(b)(1)(A). "Probable cause" under section 3148(b)(1)(A) means "that the facts available to the judicial officer 'warrant a [person] of reasonable caution in the belief' that the defendant has committed a crime while on bail." United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality opinion)). Once there is probable cause to believe that a new crime has been

committed, a rebuttable presumption of dangerousness arises under 18 U.S.C. § 3148(b). At a section 3148 hearing, the Government may proceed by way of proffer, as it did in this case, relying upon the declaration filed by the officer. United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000). The defendant as much as conceded that there is probable cause and that, therefore, the prior conditions must be revoked. The issue at the hearing was whether or not the defendant could be released under 18 U.S.C. § 3142, or should be detained until his sentencing hearing.

In determining whether the defendant should be detained, I have considered all of the factors enumerated under section 3142(g). I note that the defendant has been released on conditions awaiting sentencing since last April and has not been in violation of those conditions. I further note that the defendant presented his wife who appeared to be a responsible, employed citizen and that she agreed to serve as third-party custodian with electronic monitoring in place. I further note that the underlying charges of conviction are not crimes of violence and do not suggest any dangerousness to the community. I also find that the assaultive and obstructionist behavior in this case was minimal and does not suggest danger to the community in and of itself. Normally these factors would tip the scale; I would find the presumption fully rebutted and conclude that the Government has failed to provide clear and convincing evidence of dangerousness. However, the presumption does not "cease to have effect," but "continues to operate as one factor to be considered by the court in determining whether the defendant must be detained." United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990).

In this case I do find that there is evidence that the Government has met its burden and that the defendant should be detained. First, I note that this is not a pre-conviction case with the

attendant presumption of innocence; Russell was released pending sentencing. Second, I note that the risk of flight has increased because the defendant is now aware that additional charges are under investigation. Third, I am aware of the facts and circumstances underlying the search warrant, which were instrumental in provoking the confrontation. While I realize the search warrant affidavit remains sealed and, thus, Russell cannot respond to those circumstances, the fact that Russell, a federally-convicted felon, is under investigation in what I view as a serious drug trafficking case cannot help but influence my calculus in terms of danger to the community and the efficacy of an electronic monitoring device in terms of mitigating that danger. I am satisfied based upon all of these factors there are no conditions or combination of conditions that would reasonably assure Russell's appearance as required or safeguard the community.

It is, therefore, <u>ORDERED</u>, that the conditions of release previously entered in the matter be revoked. Defendant shall be detained pending sentencing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of appearing in connection with a court proceeding.

*So Ordered.*

February 9, 2012

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge